IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| In re AAIPHARMA INC. SECURITIES LITIGATION, | Consolidated Civil Action No. 7:04-CV-27-D |
| This Document Relates To: | **ORDER** |
| ALL ACTIONS. | FILED IN OPEN COURT ON October 2, 2007 Dennis P. Iavarone, Clerk US District Court Eastern District of NC |

This matter came before the Court for hearing pursuant to the Order ("Order") dated June 18, 2007, on the application of the parties for approval of the settlement set forth in the Stipulation of Partial Settlement dated as of February 23, 2007 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3. The Court hereby certifies the following class for settlement purposes only:

> All Persons who purchased or otherwise acquired aaiPharma Publicly Traded Securities between April 24, 2002, and June 15, 2004, inclusive. Excluded from the Class are the Settling Defendants, members of the immediate families of the Defendants, the former and current directors, officers, subsidiaries and affiliates of

aaiPharma, as well as any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class pursuant to the Notice of Pendency and Proposed Partial Settlement of Class Action. (Identified on Exhibit A attached hereto.)

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses, as to the Settling Defendants only, the Litigation and all Released Claims of the Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Stipulation and herein.

7. Upon the Effective Date hereof, the Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release form.

8. Upon the Effective Date hereto, each of the Settling Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiff, each and all of the Class Members and Plaintiffs' Counsel from all

claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

9. Lead Plaintiff, all members of the Class, the successors and assigns of any of them and anyone claiming through or on behalf of any of them, are hereby permanently BARRED, ENJOINED and RESTRAINED from instituting, commencing or prosecuting, either directly or in any other capacity, in the Litigation or any other action or proceeding any Released Claims against any of the Released Persons. The Released Claims against each and all of the Released Persons shall be released and dismissed with prejudice and on the merits. Nothing in this paragraph shall release the Released Claims against the Released Persons of any Person who submitted a timely, signed request for exclusion from the Class and who did not submit a timely, signed request to revoke the prior request for exclusion ("Opt-Out Plaintiffs").

10. The Non-Settling Defendant, any other defendant or third party defendant in the Litigation, whether named in the Complaint or hereafter named as a defendant or third party defendant, and all other Persons and entities, are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting, or asserting any claim for contribution against the Released Persons or any other claim against the Released Persons where the injury to such entity/individual is the entity's/individual's actual or threatened liability to the Lead Plaintiff, named plaintiffs and other Class Members (whether contractual or otherwise and whether characterized as contribution, indemnity or otherwise) including any amounts paid in settlement of such actual or threatened liability, or any other costs or expenses (including attorneys' fees) incurred in connection with the Litigation; provided, however, that the Bar Order stated in this paragraph shall not apply to claims that may be asserted by any Opt-Out Plaintiff, or between and/or among any defendants in cases brought by Opt-Out Plaintiffs (but only to the extent such a claim between and/or among

3

defendants is based upon the defendants' actual or threatened liability solely to the Opt-Out Plaintiffs or the costs and expenses incurred solely in connection with a claim asserted by an Opt-Out Plaintiff). For purposes of this Bar Order, Barred Persons shall be defined as any Person who is barred and/or enjoined by this ¶ 10.

11. Barred Persons shall be entitled to a judgment credit *(i.e.,* a reduction to the total amount of the judgment for each claim entered in the action) in an amount that is the greater of: (i) the total Settlement Amount paid by or on behalf of the Settling Defendants, as allocated to claims for which contribution would be sought; or (ii) the amount that corresponds to the percentage of responsibility of the Settling Defendants as determined at trial.

12. The Released Persons are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting, or asserting any claim for contribution against the Barred Persons or any other claim against the Barred Persons where the injury to the Released Person is the Released Person's actual or threatened liability to the Lead Plaintiff, named plaintiffs and other Class Members (whether contractual or otherwise and whether characterized as contribution, indemnity or otherwise) including any amounts paid in settlement of such actual or threatened liability, or any other costs or expenses (including attorneys' fees) incurred in connection with the Litigation, provided, however, that the Bar Order stated in this paragraph shall not apply to claims that may be asserted by the Released Persons in any case brought by an Opt-Out Plaintiff or between and/or among any defendants in cases brought by Opt-Out Plaintiffs (but only to the extent such a claim by a Released Person is based upon such Released Person's actual or threatened liability solely to the Opt-Out Plaintiffs or the costs and expenses incurred solely in connection with a claim asserted by an Opt-Out Plaintiff).

13. The provisions in this Bar Order are reciprocal and in the event that any Person or entity

asserts and is legally not barred by the Bar Order from bringing any claim, action or actions, cause or causes of action, suits, debts, liens, contracts, agreements, promises, liabilities, claims, rights, demands, damages, losses, costs, charges or expenses falling within the scope of this Bar Order (the "First Person") against any other person (the "Second Person"), this Bar Order shall not bar, enjoin or restrain the Second Person from asserting or bringing any claim, action or actions, cause or causes of action, suits, debts, liens, contracts, agreements, promises, liabilities, claims, rights, demands, damages, losses, costs, charges or expenses falling within the scope of this Bar Order against the First Person.

14. The Notice of Pendency and Proposed Partial Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended including by the Private Securities Litigation Reform Act of 1995 and the requirements of due process.

15. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

16. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling Defendants or their respective Related

Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Defendants or their respective Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Settling Defendants and/or their respective Related Parties may file the Stipulation and/or the Judgment from this action in any other action in which they are parties or that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses and interest in the Litigation; (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation; and (e) exclusive jurisdiction to enforce the provisions of the Bar Orders in this Judgment.

18. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void

to the extent provided by and in accordance with the Stipulation.

20. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. There is no reason for delay in the entry of this Partial Final Judgment and Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS

22. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to persons and entities who are Class Members, advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the Plan of Allocation.

23. The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants which is set forth in the Notice of Pendency and Proposed Partial Settlement of Class Action (the "Notice") sent to Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund, established by the Stipulation, among Class Members, with due consideration having been given to administrative convenience and necessity.

24. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

## ATTORNEYS' FEES

25. The court finds that the amount of fees awarded is fair and reasonable under the percentage of-recovery method and further finds that a fee award of 30% of the Settlement Fund is

7

consistent with awards made in similar cases.

26. The Court thereby awards Lead Counsel attorneys' fees of 30% of the Settlement Fund. The Court hereby awards reimbursement of expenses in an aggregate amount of $233,168.26 to be paid from the Settlement Fund. Said fees and expenses shall include interest earned on the Settlement Fund for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees shall be allocated by Lead Counsel in a manner which, in their good faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Litigation.

5. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation and in particular thereof, which terms, conditions, and obligations are incorporated herein.

SO ORDERED. This _2_ day of October 2007.

JAMES C. DEVER III
United States District Judge